**SALT LAKE CITY, a Municipal Corporation, Plaintiff and Respondent,**

v.

**WEST GALLERY CORPORATION, Defendant and Appellant.**

No. 15724.

Supreme Court of Utah.

Aug. 28, 1978.

Roger F. Cutler, Salt Lake City Atty., Paul G. Maughan, Asst. City Atty., Salt Lake City, for defendant and appellant.

John D. O'Connell, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Appeal from conviction under Salt Lake City's obscenity ordinance.

This case presents the same fact situation we addressed in *Salt Lake City v. Piepenburg,* 571 P.2d 1299. Appellant frankly characterizes its appeal as an attempt to persuade this Court to overrule *Piepenburg,* and admits that no new arguments are available. Appellant does not attempt to distinguish its circumstances from *Piepenburg's.* Appellant concedes that it "distributed" a film which depicted "obscene sexual conduct" as those terms are defined by the ordinance (Section 32–2–10, Revised Ordinances of Salt Lake City, 1975) under which Appellant was convicted. Appellant also concedes that the ordinance, to the degree that it proscribes distribution of films depicting obscene sexual conduct, satisfies the

tests for validity enunciated by the U.S. Supreme Court, most notably in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419.

 Appellant's sole contention is that the challenged ordinance attempts to criminalize some conduct which is protected under the First and Fourteenth Amendments to the federal constitution. Even though the conduct in which Appellant engaged is not claimed to be protected, Appellant argues that no conviction can be sustained under an ordinance which overreaches the City's legislative power to curtail the communication of ideas.[1] In particular, Appellant argues that, by reason of its definitions of "obscenity" and "obscene performance," the ordinance violates freedom of speech guarantees. As Appellant reads the ordinance, one who "distributes" (permits to be seen or heard) a single "obscenity" (slang word generally rejected for use in mixed society) violates the ordinance without regard to the artistic or scientific merit of the presentation in which the obscenity is used. Similarly, the momentary display of a bare female breast in a performance of whatever merit violates the ordinance.

 We do not agree that the ordinance, in overall view, undertakes to impose such limits on conduct. The definition of "obscene" in the ordinance permeates its entire structure, and no conduct can be the subject of legitimate prosecution under it which is not permitted to be criminalized under *Miller* doctrine.[2]

No retreat from any position expressed in *Salt Lake City v. Piepenburg* is intended. We merely confirm the holding of that case that the Salt Lake City obscenity ordinance is not invalidated by overbreadth. We further confirm that the exemption afforded by the ordinance is based on reasonable and understandable classification. The ordinance does not violate equal protection guarantees.

Accordingly, the conviction from which appeal was taken is affirmed.

MAUGHAN, Justice:

The issues in this matter are disposed of by this Court's opinion in *Salt Lake City v. Piepenburg*, Utah, 571 P.2d 1299 (1977). The opinions of the Justices set forth in *Piepenburg* remain the same.

WILKINS, Justice, concurs in the views expressed in the opinion of Mr. Justice MAUGHAN.

---

1. While a convicted person, in first amendment cases, may attack the statute under which he was convicted as overbroad (*Bigelow v. Virginia*, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600), there is strong judicial reluctance to declare a statute facially unconstitutional (*Broadrick v.* *Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830).

2. *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419.